IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NABEEL IQBAL | § | CASE NO. 4:19-cv-03608 |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| THE CITY OF PASADENA and | § | |
| DANIEL PENNINGTON | § | |
| Defendant. | § | |

**DEFENDANT CITY OF PASADENA'S OPPOSITION TO PLAINTIFF'S
SUPPLEMENT TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendant, the City of Pasadena, opposes Plaintiff's motion for summary judgment and responds to Plaintiff's supplemental brief in support of Plaintiff's motion for summary judgment, [Doc. 62], as follows:

**Introduction**

Despite this Court's prior ruling and established case law to the contrary, Plaintiff continues to posit the theory that Plaintiff's alleged disability excuses Plaintiff's *admitted* misconduct in the workplace; Plaintiff's masturbation in an employee breakroom.

As this Fifth Circuit and this Court in this very case [Doc. 19, p. 4] have made clear, the ADA does not insulate an employee from adverse employment actions, even if the improper behavior is attributable to any impairment. *Hamilton v. Sw. Bell Tel. Co*., 136 F.3d 1047, 1052 (5th Cir. 1998); *see also*, *Lottinger v. Shell Oil Co.*, 143 F. Supp. 2d 743, 758 (S.D. Tex. 2001) (Magistrate Judge Crone presiding); *see also*, [Doc. 19, p. 4].

Now in Plaintiff's continuing effort to revive a failed theory, Plaintiff disingenuously alleges that Noyola did not initially intend to report the incident because, Plaintiff self-servingly but falsely

asserts, Noyola did not perceive "Plaintiff's actions to be subjectively abusive enough for her to report his actions to management." [Doc. 62, p. 3-4]. Yet the evidence disproves this falsity. In fact, Noyola testified she did not initially report the incident **because she was in "shock."** Exhibit A, 46: 7-12. Indeed, as Anderson testified, even if Noyola would be comfortable working with Plaintiff after the incident,[1] Anderson would still have recommended the Mayor fire Plaintiff due to the seriousness of Plaintiff's *admitted* misconduct. [Doc. 51-13, ¶ 5]. The question is not the level to which Plaintiff's misconduct upset Noyola - although she was clear it did upset her – but the fact the conduct occurred at all.

Because the City fired Plaintiff for masturbating in an employee breakroom, a legitimate, nondiscriminatory reason for firing Plaintiff and because Plaintiff fails to provide *any* evidence the City fired Plaintiff because of his alleged disability, this Court should dismiss Plaintiff's ADA claims.

**Argument & Authorities**

A. **Plaintiff's ADA discrimination claim fails as a matter of law.**

   1. **The ADA does not protect Plaintiff from adverse employment actions for his admitted misconduct, regardless of whether Plaintiff's disability is attributable for that misconduct.**

Plaintiff's counsel continues to assert that Plaintiff's disability rendered himself ignorant of the impropriety of his lewd act, which at the same time Plaintiff *admits* he knew the conduct was wrong. In addition to the fact Plaintiff admitted Plaintiff knew that masturbating in an employee breakroom violates the City's employment policies and rules, [Doc. 51-1, 37:2-18], in this Court's memorandum opinion [Doc. 19] addressing the City's motion to dismiss, this Court rejected that

---

[1] In Noyola's interview with Reyes, Noyola expressly stated that she would **not** be comfortable encountering Plaintiff in the workplace due to the incident. [Doc. 44-58, 1:26-33].

2

very argument at the outset of the case. "The Court rejects Iqbal's arguments to the contrary (*see* Dkt. 13 ¶¶ 18-22), which fly in the face of common sense and a comprehensive reading of EEOC Enforcement Guidance on the Americans with Disabilities Act and Psychiatric Disabilities EEOC Notice Number 915.002 (Mar. 25, 2007). [Doc. 19, p. 4.] "If 'nothing in the ADA prevents an employer from maintaining a workplace free of violence or threats of violence, or from disciplining an employee who steals or destroys property,' the same must be true of sexual harassing behavior." *Id.* at 4-5 (citing EEOC Guidance on Psychiatric Disabilities ¶ 30). As this Court is well-aware, "the ADA does not insulate an employee from adverse action taken by an employer because of misconduct in the workplace, even if his improper behavior is arguably attributable to an impairment." *Lottinger v. Shell Oil Co.*, 143 F. Supp. 2d 743, 758 (S.D. Tex. 2001) (Magistrate Judge Crone presiding). "[Iqbal] can not hide behind the ADA and avoid accountability for his actions." *Hamilton v. Sw. Bell Tel. Co.*, 136 F.3d 1047, 1052 (5th Cir. 1998).

Since this Court has already rejected Plaintiff's theory that Plaintiff's alleged disability excused Plaintiff's *admitted* misconduct and because the evidence unequivocally shows the City fired Plaintiff for masturbating in an employee breakroom, Plaintiff's ADA discrimination claim fails as a matter of law.

### 2. Regardless of Noyola's perception of the incident, the City would have fired Plaintiff due to the seriousness of the misconduct.

Although Noyola's feelings about Plaintiff's admitted misconduct are not relevant to any issue, Plaintiff further mischaracterizes Noyola's testimony regarding Noyola's feelings regarding the incident. Specifically, Plaintiff falsely claims that, because Noyola did not initially intend to report the incident, Noyola must not have perceived Plaintiff's actions to be "substantively abusive" enough for her to report Plaintiff's actions to her supervisor. Not only does this effort

apply the wrong legal standard, it is once again based on false premise that Noyola's own actual testimony belies.

Contrary to Plaintiff's baseless allegation, Noyola testified she did not report the incident to the department's supervisor, Mark Anderson, on the day the incident occurred **because Anderson was not in the office**. *See* Exhibit A, 47:3-9. Additionally, Noyola testified that, because she was dealing with a death in her own family at the time of the incident, Noyola was reluctant to report the incident because she did not want to deal with the likely aftermath – Plaintiff's firing – of reporting such a serious incident. *Id.* at 47:3-9. Perhaps most important, Noyola testified she did not immediately report the incident because she was in "shock," *Id.* at 46:11-12, a reasonable response for a person who witnessed such an obscene act. In fact, Noyola expressly told Detective Reyes that, due to the incident, Noyola would be uncomfortable encountering Plaintiff in the workplace. [Doc. 44-58, 1:26-33].

While Noyola's feelings regarding the incident is a red herring because Anderson testified that, regardless of Noyola's feelings about future encounters with Plaintiff, Anderson would have recommended the Mayor fire Plaintiff due to the seriousness of the misconduct, [Doc. 51-13, ¶ 5], Plaintiff's counsel still should not misrepresent Noyola's testimony to the Court.

## Conclusion

Plaintiff's claims of ADA discrimination and failure to accommodate fail as a matter of law. Accordingly, this Court should deny Plaintiff's motion for summary judgment and dismiss Plaintiff's claims against the City under Rule 56.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

<u>*/s/ William S. Helfand*</u>
WILLIAM S. HELFAND
Bill.Helfand@lewisbrisbois.com
State Bar No.: 09388250
Federal Id. No.: 8791
ANDREW W. GRAY
Andrew.gray@lewisbrisbois.com
State Bar No.: 24099826
Federal Id. No.: 3245678
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Tel:  (832) 460-4606
Fax: (713) 759-6830
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that the foregoing was served in accordance with the Federal Rules of Civil Procedure to all counsel of record by ECF on this 3rd day of May, 2021.

<u>*/ s / William S. Helfand*</u>
WILLIAM S. HELFAND